IN THE MATTER OF THE REGISTRATION OF THE MATAI TITLE
"MAGA" OF THE VILLAGE OF MASEFAU, TUTUILA, AMERICAN SAMOA

High Court of American Samoa
Land and Titles Division

MT No. 04-79

September 29, 1980

MIYAMOTO, Chief Justice.

## INTRODUCTION

This motion concerns whether a contender for a matai title may be joined as a candidate despite his failure to comply with the 60 day counterclaim filing provisions.

At all times relevant Movant was on active duty in the military. Although the Territorial Registrar posted notice of the filing of claim to the matai title in question in accordance with 1 ASC 754, Movant did not file an objection or counterclaim during the 60 day period as provided for in 1 ASC 755. Despite his failure to file a counterclaim, Movant now moves this Court to allow him to be included as a candidate for the matai title. This motion was entertained September 5th, 1980, both written and oral arguments were considered, and this motion was taken under submission. We now render our opinion and ruling.

## OPINION

Asofa'afetai A. Maga, a qualified candidate, has agreed to relinquish his candidacy provided Movant may be substituted in his stead. Thus, the issue before us is whether a title contender, who has not complied with the counterclaim filing requirements, can be substituted for an agreeing candidate, who has complied. The present statutes do not expressly adress the matter of substitution, nor does the dearth of reasoning in the substitution cases cited afford us much guidance [footnote omitted].

We look first to the pertinent statutory provisions. Pursuant to 1 ASC 753, if one claims succession to a matai title, then he must file a written claim with the Territorial Registrar. The Territorial Registrar then posts notice of the claim, and for a 60 day period objections and counterclaims may be filed. 1 ASC 755(a) expressly states that "The Territorial Registrar shall not accept any counterclaims or objections filed after the 60th day..." The manifest intent of this language is that at some definitive point in time all candidates and objectors can be ascertained so that the dispute may proceed to a timely resolution. The legislature has selected that point in time to be the 60th day after the notice is posted pursuant to 1 ASC 754. Initially it appears that strict compliance with the counterclaim filing provisions, that is, filing of the counterclaim within the 60 day period, is an essential procedural predicate to candidacy for the disputed title. Indeed there are sound reasons for establishing a definitive point in time when candidacy must be closed. The unrest occurring within a leaderless family fosters the interest in expedient resolution of title disputes. As long as the doors to candidacy remain open

39

neither the Office of Samaoan Affairs, nor the Court, can appropriately proceed toward final resolution. Nevertheless, we do not find that strict compliance with the 60 day claim filing provisions is an absolute requisite to candidacy. 5 ASC 412(b) provides in pertinent part:

> In any matter of practice of procedure not provided for, or where the strict compliance with any rule of practice or procedure may be inequitable or inconvenient, the land and titles division may act in each case in such manner as it considers to be most consistent with natural justice and convenience.

Consequently, we hold that failure to comply with the 60 day claim filing provisions precludes candidacy for matai title succession unless there are overriding considerations of equity or convenience. Before addressing the equitable and convenience consideration in this csae, we pause to address the issue of substitution.

As mentioned, the statutes do not expressly address substitution. In this legislative lacuna, as provided for in 5 ASC 412(b), the Court "may act... in such manner as it considers to be most consistent with natural justice nd convenience." A black letter rule endorsing substitution would not only lead to uncertainties impairing expedient resolution of title disputes, but may, in some circumstances, militate against the notions of natural justice and convenience. We hold that substitution alone is not a viable avenue of attaining candidacy. If a contender desires to relinquish his candidacy, he may do so. If another contender, who has failed to properly establish his candidacy desires to become a candidate, then the Court should allow or disallow him to be a candidate based on equitable and convenience considerations in the field of natural justice. Substitution may be one aspect to consider, but standing naked and alone it is not sufficient.

Turning now to the equitable and convenience consideration, we find, at the outset, that Asofa'afetai A. Maga's agreement to substituion is of little weight. Although it would result in one less candidate and perhaps a shorter trial and more expedient resolution, the benefits are of slight consequence.

We are cognizant of the welter of correspondence between Movant and members of the Court staff. Movant repeatedly and vigorously asserted his right to sucession. This correspondence initiated some four years ago and continued during the removal adjudication of the previous title holder and the initial stages of the succession dispute now before this Court. There is no indication that correspondence with the Territorial Registrar was conducted. There is no indication that mistatements or misrepresentation regarding the status of the title or the requisites for candidacy status were ever made by the Territorial Registrar or the members of the Court staff to the Movant. We recognize that because Movant was on active duty in the military service and off-island, he may not have had direct personal knowledge of the notice posted and direct access to the Territorial Registrar. To that extent Movant was subject to some inconvenience. On the other hand, we note the significant role of the title holder in the Samoan custom, the monumental esteem accompanying the title, the fervor with which succession matters are pursued, and the concomitant general familiarity of ranking Samoans with the qualifications for succession. Furthermore, the dragging on of this case should be discouraged. Jousting contenders should not, in the final stages of combat, be confronted with a new foe. In balancing all factors we find that the interposition of Movant at this stage of the proceedings would be incovenient for the other candidates. Movant,

who claims to be the most qualified to hold the title, should have been aware of the procedural requisites for candidacy standing. Movant was not mislead˙ nor misinformed by the Court staff nor the Territorial Registrar, nor any other candidate. The equities do not favor Movant's position.

As stated, Movant was on active military duty at all relevant times. Via his correspondence, Movant has adequately applied to his Court for a stay of proceedings under the Soldiers' and Sailors' Civil Relief Act of 1940.[1] The Act is applicable in American Samoa.[2] The Act provides for the suspension of legal proceedings which may prejudice the civil rights of persons in the armed forces.[3] The Act specifically provides for a stay of proceedings "unless, in the opinion of the Court, thte ability of plaintiff to prosecute the action or the defendnat to conduct his defense is not materially affected by reason of his military service."[4] However, this provision only applies where the military person is involved in the Court proceeding: "either the plaintiff or defendant."[5] As hereinabove determine, Movant is not entitled to be a candidate in this action. Hence, Movant is not involved in this action as plaintiff or defendant. Furthermore, because Movant is not entitled to be a candidate, we find that the resolution of this title succession matter will not materially affect any rights of Movant.

## RULING
The motion to allow Misiuaita A. Maga to be a candidate is denied.

---

1. 50 USCA section 501 et. seq.
2. 50 USCA section 512.
3. 50 USCA section 510.
4. 50 USCA section 521.
5. 50 USCA section 521.